333 A.2d 922
**John B. WARDEN, Appellant,**

v.

**M. Harvey TAYLOR et al.**

Supreme Court of Pennsylvania.

Argued Nov. 27, 1974.

Decided March 18, 1975.

578

G. Thomas Miller, McNees, David E. Lehman, Wallace & Nurick, Harrisburg, for appellant.

William D. Boswell, Berman & Boswell, Harrisburg, for appellees; Mark E. Garber, Jr., Garber, Fowler & Addams, Carlisle, of counsel.

Before JONES, C. J., and O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This appeal arises from the trial court's refusal to decree the specific performance of a contract for the purchase of realty. We vacate and remand.

In 1945, appellant John B. Warden conveyed to appellee M. Harvey Taylor a parcel of land containing a log cabin and his interest in a farm that he had theretofore owned as a tenant in common with Taylor. Simultaneously Warden and Taylor executed a contract which granted to Warden a right of first refusal to repurchase the land in these terms:

"If the said parties of the second part [Taylor and his now-deceased wife] decide to sell and convey the same farm and premises upon which the said log cabin is erected during their respective life times, the said John B. Warden shall have the first right and privilege to purchase said farm at and for the price of Four Thousand Dollars ($4,000); and the premises upon which the log cabin aforesaid is erected, at and for the price of Five Thousand Dollars ($5,000)."

In 1971, Taylor conveyed both tracts to his grandson, appellee M. Harvey Taylor II, and his wife, appellee Suzanne C. Taylor. The deed recited a consideration of "natural love and affection." Taylor did not afford Warden an opportunity to exercise his contractual "first right and privilege to purchase" the tracts at the stated prices.

Warden then commenced this action in equity, seeking as alternative forms of relief a decree compelling specific performance, a declaration that the conveyance by Taylor is void and ineffective to impair Warden's rights, an injunction prohibiting further transfer, or the imposition of a constructive trust.

After the consideration of submitted evidence, the trial court concluded that Warden's right of first refusal was valid and enforceable and that the conveyance by Taylor violated Warden's contractual rights. The court declared M. Harvey Taylor II and Suzanne C. Taylor to be constructive trustees for the benefit of Warden and enjoined them from conveying any interest in the realty to anyone other than Taylor or Warden.[1] The court refused, however, to decree specific performance. Following the denial of appellant's exceptions to the adjudication, he appealed to this Court.[2]

The only question before us for decision is whether the trial court erred in failing to decree specific performance. We take as settled the determination that appellant's right of first refusal is valid and enforceable, that Taylor's conveyance was in derogation of appellant's right, and that Taylor's transferees' possession is wrongful as to appellant.

■■ It is settled that contractual rights of first refusal to purchase realty may be enforced by a decree of

1. Appellees did not file exceptions to these conclusions and determinations nor do they now contest their correctness.

2. Appellate Court of Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(4), 17 P.S. § 211.202(4) (Supp.1974).

specific performance. 11 S. Williston, A Treatise on the Law of Contracts § 1441A, at 953 (3d ed. W. Jaeger 1968); 1A A. L. Corbin, Contracts § 261, at 474 (1963); see also *Gateway Trading Co., Inc. v. Children's Hospital of Pittsburgh,* 438 Pa. 329, 336, 265 A.2d 115, 119 (1970) (dictum); *Driebe v. Fort Penn Realty Co.,* 331 Pa. 314, 200 A. 62 (1938). The only reason given by the court in support of its refusal to grant a decree of specific performance or urged by appellees in support of affirmance is that the relief granted is "molded to the equities of the transaction" and adequately protects appellant's interest.

This ground is an insufficient reason to deny specific performance to one who is otherwise entitled to it (and it has not been suggested that appellant is not entitled to it for any other reason). Under the court's findings and conclusions, appellant is entitled to more than "protection of his interests"; having established to the satisfaction of the trial court that Taylor breached the contract by conveying the realty without first offering it to him, appellant is entitled to a decree compelling Taylor to perform his promise. See Corbin, supra; D. Dobbs, Handbook of the Law of Remedies § 12.10, at 847 (1973); Williston, supra § 1418A, at 664–68.

We conclude that the trial court erred in failing to enter a decree compelling Taylor and his transferees[3] to offer to sell the realty to appellant and (if appellant accepts the offer and tenders the contract price) to convey it to him.

---

3.  A right of first refusal may not be specifically enforceable against a transferee who is an innocent purchaser for value. See 1A A. L. Corbin, Contracts § 261, at 474 (1963); see also D. Dobbs, Handbook on the Law of Remedies § 12.10, at 847 (1973). In this case, the trial court found and appellees admit that the wrongful conveyance was not supported by a valuable consideration. In any event, the trial court's imposition of a constructive trust necessarily implies a finding that the transferees are not "innocent." See generally 5 A. W. Scott, The Law of Trusts § 462 (3d ed. 1967).

The decree is vacated and the case is remanded for entry of a decree consistent with this opinion.

JONES, C. J., and EAGEN and NIX, JJ., did not participate in the consideration or decision of this case.