MERLE BENNETT, *et al.*

*v.*

ROBERT DOVE, *et al.*

(No. 14759)

Decided May 5, 1981.

*Geary & Geary and Dennis V. DiBenedetto* for appellants.

*Sponaugle & Sponaugle and George I. Sponaugle II* for appellees.

HARSHBARGER, CHIEF JUSTICE:

Merle Bennett, Barbara M. Bennett, and Mabel Bennett brought this action against Robert Dove and others to void a conveyance from Robert Dove to two of his children. There was a "right of first refusal" clause contained in the 1956 deed by which Bennett conveyed the property to Dove, and Bennett also sought specific performance of that right. The trial court ruled that Dove's deed to the children was void because the preemptive right provision had been violated.

The clause was: "It was understood and agreed between the parties hereto that . . . in the event the party of the second part [Robert Dove] desires to sell said real estate he shall give to the parties of the first part the first opportunity to purchase same." Robert Dove took possession of the property, built a home and continues to reside there.

The deed to the Dove children had as its declaration of consideration or value, that it was not subject to our state excise tax upon the privilege of transferring real estate because the conveyance accomplished a gift between parent and children. *See* W. Va. Code, 11-22-1, *et seq.*

After affording the parties an opportunity to brief the legal issues, the trial court ruled that the gift violated the clause. Then Dove stated that he had offered plaintiff, Mabel Bennett, the right to purchase the property but she had turned down the offer. This factual issue was tried to a jury, which returned a verdict in favor of the plaintiff,

Mabel Bennett, concluding that he had not offered her an opportunity to buy it.

The trial court decided the preemptive right clause created a personal right limited to Jimmy and Mabel Bennett and thus did not violate the rule against perpetuities nor constitute an unlawful restraint upon alienation of real property. There was no challenge here to this ruling.

A fundamental rule of law is that a court, in deciding disputes about the meaning of a contract, deed, or will, will endeavor to carry into effect the intent of the parties to the agreement, seeking first to ascertain such intent from the instrument itself. It is also true that "[a] valid written instrument which expressed the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W.Va. 484, 128 S.E.2d 626 (1962), Syllabus Point 1; *Magnus v. Halltown Paper Co.*, 143 W.Va. 122, 100 S.E.2d 550 (1957), Syllabus Point 2; *Mace v. Carpenter*, 147 W.Va. 322, 127 S.E.2d 254 (1962).

> It is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them.
>
> *Cotiga Development Co.*
> *v. United Fuel Gas Co.,*
> *supra* 128 S.E.2d, at
> Syllabus Point 3.

It is also well settled that the words of an agreement should be given their natural and ordinary meaning, because the parties presumably used the words in the sense in which they were generally understood. "It is the safest and best mode of construction to give words, free from ambiguity, their plain and ordinary meaning." *Williams v. South Penn Oil Co.*, 52 W.Va. 181, 43 S.E. 214 (1902), Syllabus Point 4.

The parties used the words "desires to sell" to express their intent. "Sell" is commonly and ordinarily understood

to mean an act of giving up property for money that the buyer either pays or promises to pay in the future, Webster's Third New International Dictionary (P. B. Gove Ed., 1976), and we must conclude that Robert Dove did not sell the property when he *gave* it to two of his children.

A recitation that there was valuable consideration of one dollar cash in hand paid did not convert the gift into a sale; nor did the fact that the two children may have provided love, affection and support to Robert Dove convert an otherwise gratuitous transfer into a sale. Accordingly, we conclude that the conveyance, a gift, did not violate Mabel Bennett's preemptive right. Her right did not ripen because Robert Dove never attempted or desired to sell his property. *See Isaacson v. First Security Bank,* 95 Idaho 452, 511 P.2d 269 (1973); *Draper v. Gochman,* 400 S.W.2d 545 (Tex. 1966); *see generally* Annot., 70 A.L.R.3d 203 (1976).

For the foregoing reasons, the judgment of the Circuit Court of Pendleton County is reversed.

*Reversed.*