477 A.2d 1388

**In re ESTATE OF Catherine SOUPCOFF, Deceased.**

**Appeal of Norman SOUPCOFF, Husband, of Catherine Soupcoff, Deceased, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 8, 1984.

Filed June 22, 1984.

Sheldon L. Keyser, Pittsburgh, for appellant.

John P. Vetica, Jr., Pittsburgh, for participating party.

Before BROSKY, OLSZEWSKI and JOHNSON, JJ.

JOHNSON, Judge:

Appellant, Norman Soupcoff, seeks review of a January 25, 1982 Order of the Court of Common Pleas of Allegheny

County which dismissed his exceptions to a Decree of Dissolution dated November 2, 1981. Mr. Soupcoff is the surviving spouse and the personal representative to the estate of Catherine Soupcoff. The decedent left all her jewelry to Appellant in her will. Appellant complains that the lower court erred in ruling that the contents of the decedent's jewelry box [1] should be awarded to the decedent's mother, Mrs. Minnie Hartman. We agree that Mrs. Hartman should not have been awarded the contents of the jewelry box and therefore reverse the trial court's determination.

On February 14, 1980, the day of Catherine Soupcoff's death at her home in Pittsburgh, Mrs. Hartman journeyed from Kunkletown, Pennsylvania to Pittsburgh to visit Appellant and stay for the decedent's funeral. She was accompanied on her trip by Leonard Borger, her son-in-law and by Harriet Joan Borger, her daughter and the sister of the decedent. Mrs. Hartman returned to Kunkletown on February 17, 1980 the day following the funeral. Her daughter and son-in-law remained with Appellant until they departed for home on February 19, 1980.

The trial court made the following findings:

"Mrs. Borger and Norman [sic] Smith (Soupcoff's daughter) on the morning of February 18 were in the Soupcoff bedroom sorting decedent's clothes for division between them. Mrs. Borger's share included a small mink stole. Mr. Soupcoff and Mr. Borger were in the next room, a living room. Mrs. Smith called Mr. Soupcoff into the bedroom and she and Mrs. Borger suggested that the decedent's jewelry box and nursing cap and pin be given to Mrs. Hartman. Soupcoff responded it was all right because he could not wear the items and left the room. The next morning Soupcoff asked Mrs. Borger to return a gold charm bracelet from the box of jewelry which was packed with her share of decedent's clothing in her car.

1. Exclusive of an oval cut diamond ring which Appellant gave to the decedent's sister Harriet Joan Borger.

She gave the bracelet back asking if he wanted anything else from the clothing and jewelry in the automobile. Soupcoff responded in the negative.

Mrs. Borger returned to Kunkletown with her husband February 19, 1980, but her mother "was very upset" so Mrs. Borger has retained possession of the jewelry box in her safe because Mrs. Hartman "just couldn't accept it." Mrs. Borger has used nothing from the box other than the diamond ring admittedly given her. Thereafter Mrs. Borger talked several times by telephone with Mr. Soupcoff and no mention was made of the box or its contents until March 26, 1980, and April 1, 1980, when Mr. Soupcoff or his attorney demanded the return of three items, a gold chain with gilded silver dollar pendants and two cultured pearl necklaces.

(Appellant's Brief at 11, 12)

After returning to Kunkletown, Mrs. Borger never delivered the jewelry box to her mother. Mrs. Hartman, because her mother could not accept it. (R. at 35a–37a) Mrs. Borger candidly explained what happened to the jewelry box after she returned to Kunkletown.

"Q. And from that point, where did it go?

A. I took it home. It was to be given to my mother and my mother was very upset and I kept it in my possession until I would be able to give it to her because she was not—

Q. How long did you keep the box in your possession?

A. Well, I had the box because my mother just couldn't accept it.

Q. Your mother could not accept it.

A. Right.

Q. I see."

(R. at 35a)

On March 26, 1980, Mrs. Borger received a letter from Appellant which stated that she had no right to the items contained in the jewelry box. Shortly thereafter Appellant's counsel wrote to both Mrs. Hartman and Mrs. Borger and demanded the return of the contents of the jewelry box.

Mrs. Borger did not return the contents of the jewelry box to Appellant, and the dispute over ownership of the jewelry was brought to the attention of the Orphans' Court. On October 22, 1980 the court ordered that the jewelry at issue in Mrs. Borger's possession be turned over to her counsel and that, pending the outcome of the case, the jewelry was to remain in the joint possession of Mrs. Borger's attorney and counsel for Appellant.

Before addressing the merits of Appellant's claim, we first must ascertain whether the Orphans' Court had jurisdiction to determine the ownership of the jewelry in question. This is so because the decedent had left all her jewelry to Appellant, her husband, under paragraph THIRD of her will. The Orphans' Court, by entertaining this issue, is not determining the proper legatee under the will but rather resolving a dispute between the admitted legatee and a subsequent alleged donee of the named legatee.

The jurisdiction of the Orphans' Court is entirely statutory in origin. *In re Rogan's Estate*, 394 Pa. 137, 145 A.2d 530 (1958). 20 Pa.C.S. § 711 dealing with the mandatory exercise of jurisdiction provides in pertinent part:

§ **711. Mandatory exercise of jurisdiction through orphans' court division in general.**

"Except as provided in section 712 of this code (relating to nonmandatory exercise of jurisdiction through orphans' court division) and section 713 of this code (relating to special provisions for Philadelphia County), the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:

. . . . . .

(17) **Title to personal property.** The adjudication of the title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death.

■ Since the instant case involves a question of title to certain items of jewelry that were in the possession of the

decedent at the time of her death, we believe that the Orphans' Court properly exercised jurisdiction. Moreover, if mandatory jurisdiction was not vested in the Orphans' Court under 20 Pa.C.S. § 711(17), the trial court could have exercised jurisdiction under 20 Pa.C.S. § 712 which provides:

**§ 712. Nonmandatory exercise of jurisdiction through orphans' court division**

The jurisdiction of the court of common pleas over the following may be exercised through either its orphans' court division or other appropriate division:

(3) Other matters.—The disposition of any case where there are substantial questions concerning matters enumerated in section 711 (relating to mandatory exercise of jurisdiction through orphans' court division in general) and also matters not enumerated in that section.

■ We turn now to a review of Appellant's claim. In this appeal Appellant contends no gift of the contents of the jewelry box occurred because of the refusal of the intended donee to accept the gift. We agree.

■ In order for a valid gift to occur in Pennsylvania there must be donative intent, delivery, and acceptance. *In re Estate of Sipe*, 492 Pa. 125, 422 A.2d 826 (1980); *Kreisl v. Kreisl*, 415 Pa. 424, 204 A.2d 40 (1964). While acceptance is usually presumed where the gift is beneficial to the donee, the presumption of acceptance can be rebutted. *Wagner v. Wagner*, 466 Pa. 532, 537 n. 5, 353 A.2d 819, 821 n. 5 (1976). This presumption of acceptance is clearly and unequivocally rebutted in the instant case. Mrs. Borger testified that she never gave possession of the jewelry box to her mother, Mrs. Hartman, because her "mother just couldn't accept it" (R. at 35a). Mrs. Borger's testimony regarding Mrs. Hartman's refusal to accept the jewelry box could have been rebutted by Mrs. Hartman if it were not correct since Mrs. Hartman was present in the courtroom during the August 13, 1981 hearing.

Under the facts found by the trial court, no gift of the jewelry box or its contents ever occurred. On February 19,

1980 when the jewelry box was taken by Mrs. Borger for her mother, Mrs. Hartman, only two of the three necessary elements of a completed gift were present; donative intent and delivery. The essential element of acceptance was lacking.

Because Mrs. Hartman could not accept the jewelry box and its contents, the gift was never completed. While Mrs. Hartman may have changed her mind when she later asserted her legal claim, that claim was not made until after revocation by Appellant. His demand for the return of the items in question in March of 1980 foreclosed the possibility of a subsequent acceptance by Mrs. Hartman. *See* 38 Am.Jur.2d *Gifts* § 34; *Bunnell v. Iverson,* 147 Colo. 552, 364 P.2d 385 (1961).

The trial court's order of January 25, 1982 is reversed and this matter is remanded for proceedings consistent with this opinion.