562 A.2d 364

**Bradford MERICLE, Appellant,**

**v.**

**John G. WOLF and Marianne Wolf, his Wife and Sacred Heart Hospital.**

Superior Court of Pennsylvania.

Submitted May 4, 1989.

Filed July 17, 1989.

John J. Robinson, Upper Darby, for appellant.

Gary C. Bender, Media, for Wolf, appellee.

Murray S. Eckell, Media, for Sacred Heart, appellee.

Before CAVANAUGH, TAMILIA and KELLY, JJ.

TAMILIA, Judge:

Appellant Bradford Mercile appeals partial summary judgment granted to appellees John G. Wolf and his wife Marianne Wolf and Sacred Heart Hospital (Sacred Heart) by an Order entered September 12, 1988 which declared the transfer of certain real estate by gift from the Wolfs to Sacred Heart did not trigger appellant's right of first refusal.

Appellant leased space for his store from the Wolfs on the first floor of a building which they owned. On December 3, 1987, appellant brought a complaint alleging that his lease with the Wolfs contained a provision that they would give him first refusal to purchase the property if the property was to be sold, and that on October 26, 1987 Wolfs had transferred the real estate to Sacred Heart without affording him first refusal, despite his request to exercise that right. His complaint sought to set aside the transfer, money damages, and other relief. The Wolfs filed an

answer alleging the transfer was by way of gift and not by sale, so that the right of first refusal was not triggered. The appellees' motion for partial summary judgment was granted and appellant appealed on October 11, 1988.

On appeal appellant contends the pleadings and an affidavit filed by him show there are numerous unanswered questions, particularly attempts by the Wolfs to sell the real estate to other parties prior to the gift to Sacred Heart. Also, he argues that even if the transfer to Sacred Heart was a gift, his right of first refusal was still violated by the transfer because the clause in the lease as to first refusal was vague and ambiguous and the surrounding circumstances must be considered. He urges the purpose of the right of first refusal clause was the protection and continuation of his business, and the transfer of the property, whether by sale or gift, defeated that purpose.

Our standard of review of cases involving the grant of summary judgment was recently outlined in *Ackler v. Raymark Industries, Inc.*, 380 Pa.Super. 183, 551 A.2d 291 (1988).

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admission on file, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may be entered only in cases that are clear and free from doubt. In addition, we must examine the record in the light most favorable to the non-moving party and accept as true all well pleaded facts in the non-moving party's pleadings, and give the non-mover the benefit of all reasonable inferences to be drawn therefrom.

A trial court's grant of summary judgment will be overturned only if there has been an error of law or clear abuse of discretion.

*Id.*, 380 Pa.Superior Ct. at 185, 551 A.2d at 292 (citations omitted).

Initially, we address appellant's contention that a genuine issue of material fact exists in this case, as presented in an affidavit by appellant attached to his reply memorandum of law in opposition to defendants' motion for partial summary judgment. Because appellees had sought to sell the leased property prior to the transfer to Sacred Heart, he argues it can be inferred therefrom that the appellees deliberately attempted to defeat his right of first refusal. We do not find this issue to be material even if the issue were resolved in appellant's favor, as he would be denied relief if we conclude the transfer to Sacred Heart did not trigger operation of his right of refusal. *See Pierce v. Commonwealth, Pennsylvania Board of Probation and Parole,* 46 Pa. Commw. 507, 406 A.2d 1186 (1979).

 Next, we find no error in the trial court's conclusion that the transfer to Sacred Heart was a gift. This is evidenced by a record copy of the deed indicating consideration of $1.00 for the transfer, a copy of the settlement sheet reflecting the same, an affidavit executed by appellee-wife [1] stating that the intent of the conveyance was to make a charitable gift and no further consideration was received for the transfer, and an affidavit of the vice-president of financial affairs of Sacred Heart stating that the transfer had been made. For an inter vivos gift of realty to be valid, there must coincide:

(1) a donative intent upon the part of the grantor, i.e., an intent to make a gift to the grantee then and there, when the deed was executed; [and] (2) a delivery of the deed to the grantee, either actual or constructive, which divested the donor of all dominion over the property and invested the donee therewith.

*Loutzenhiser v. Doddo,* 436 Pa. 512, 516–17, 260 A.2d 745, 747 (1970) (citations omitted). Thus, all of the elements required to have a valid gift occur were present; i.e., donative intent, delivery, and acceptance. *In re Estate of Soupcoff,* 329 Pa.Super. 130, 477 A.2d 1388 (1984).

1. Husband was deceased at the time the affidavit was made.

86

As the trial court found in this matter, there is no Pennsylvania appellate case law directly dealing with the question of whether a transfer by gift triggers a right of first refusal based upon language contemplating a sale of the leased property. Thus, the case sub judice is a case of first impression in this state. Our Supreme Court in its decision in *Amoco Oil Co. v. Snyder,* 505 Pa. 214, 478 A.2d 795 (1984), stated that a lease is in the nature of a contract, and is controlled by principles of contract law. The Court further reviewed the following guidelines regarding the interpretation and construction of contracts:

> [W]here language is clear and unambiguous, the focus of interpretation is upon the terms of the agreement as *manifestly expressed,* rather than as, perhaps, silently intended.
>
> . . . .
>
> "[T]his Court long ago emphasized that '[t]he parties [have] the right to make their own contract, and it is not the function of this Court to re-write it, or to give it a construction in conflict with ... the accepted and plain meaning of the language used.' " 'It is not the province of the court to alter a contract by construction or to make a new contract for the parties; its duty is confined to the interpretation of the one which they have made for themselves, without regard to its wisdom or folly.' [13 C.J. § 485, p. 524]"

*Id.,* 505 Pa. at 220–21, 478 A.2d at 798 (citations omitted).

■ In the instant matter, we reject appellant's contention that the lease provision is vague and ambiguous, and that surrounding circumstances must be taken into account. The lease rider clearly provides, as was acknowledged by the trial court, that lessor agrees "To give lessee first refusal at *buyer's price if property is to be sold.*" (Complaint, Exhibit A, emphasis added.) We agree with the trial court's conclusion that this language demonstrates an in-

tent on the part of the parties that the right of first refusal would come into play upon the exchange of consideration at buyer's price, and, consequently, since the transfer here was by way of a gift, the right of first refusal never came into effect.

In the only Pennsylvania appellate court case on point, the facts are clearly distinguishable from those sub judice, and therefore it is not controlling. In *Warden v. Taylor*, 460 Pa. 577, 333 A.2d 922 (1975), the Supreme Court accepted the trial court holding that a conveyance to the owner's grandson and his wife for a consideration of "natural love and affection" was a breach of contract for *repurchase* by the former owner, and ordered a remand for purpose of requiring the trial court to enter a decree of specific performance. In that case, the right of first refusal to repurchase the land was stated as follows:

> "If the said parties of the second part [Taylor and his now-deceased wife] decide to sell and convey the same farm and premises upon which the said log cabin is erected during their respective life times, the said John B. Warden shall have the first right and privilege to purchase said farm at and for the price of Four Thousand Dollars ($4,000); and the premises upon which the log cabin aforesaid is erected, at and for the price of Five Thousand Dollars ($5,000)."

*Id.*, 460 Pa. at 578, 333 A.2d at 923. The trial court holding, that appellant's right of first refusal under a contractual agreement with appellee was triggered when appellee *conveyed* a gift of real estate to a third party, was not contested by post-trial motion or at the appellate level:

> The only question before us for decision is whether the trial court erred in failing to decree specific performance. We take as settled the determination that appellant's right of first refusal is valid and enforceable, that Taylor's conveyance was in derogation of appellant's rights, and that Taylor's transferees' possession is wrongful as to appellant.

*Id.*, 460 Pa. at 579, 333 A.2d at 923. Relying, therefore, on the trial court's holding, the Supreme Court found the trial court erred in failing to enter a decree compelling Taylor to perform his promise.

■ This case differs from *Warden* in certain critical respects. First, the trial court here held that the contract contemplated only a *sale* of the property and not a conveyance. A sale contemplates a vendor and a buyer and the transfer involves payment or a promise to pay a certain price in money or its equivalent. *See Black's Law Dictionary*, 5th Edition. A conveyance in its most common usage is a transfer of title to land from one person, or class of persons, to another by deed. The term may also include assignment, lease, mortgage or encumbrance of land. *Black's* defines several forms of conveyances, and while transfer is essential to the term, neither purchaser, sale nor buyer are necessary to a conveyance. In the case before us, as we stated above, the contract explicitly required a sale and a buyer, not a mere conveyance, before the first right of purchase was required. In *Warden*, a *conveyance* alone would trigger the first right of purchase, and an agreed payment was included upon repurchase. Thus, *Warden* does not apply here.

The law of other jurisdictions is in accord with our decision. In *Bennett v. Dove*, 166 W.Va. 772, 277 S.E.2d 617 (1981), the Supreme Court of Appeals of West Virginia held that the right of first refusal of the appellees contained in a deed previously conveyed to the appellant therein by the appellees was not called into operation by appellant's conveyance of the property to his children by way of a gift. This was so despite assertions by appellees that the children may have given consideration of love, affection and other support to appellant and that the recital provided for one dollar valuable consideration, thus arguably converting the gratuitous transaction into a sale. The language of the refusal clause in *Bennett* was, "desires to sell", and the West Virginia Court concluded, as we do here, that "sell" is

"commonly and ordinarily understood to mean an act of giving up property for money that the buyer either pays or promises to pay in the future." *Id.* at 774–75, 277 S.E.2d at 619. Likewise, in *Isaacson v. First Security Bank,* 95 Idaho 452, 511 P.2d 269 (1973), the Supreme Court of Idaho concluded that a transfer of property by one of the appellees therein to his son was in the nature of a gift, although resembling a sale, and that there had been, therefore, no sale within the meaning of the first refusal provision of the lease involved in that case.[2] The *Isaacson* court opined, "[w]here the lessor has indicated his desire to *give* and not to *sell* the property subject to the right of first refusal, it cannot be said that the condition precedent to the ripening of the right of refusal has been fulfilled." *Id.* at 455, 511 P.2d at 272 (footnote omitted).

We believe the reasoning of these cases is sound, and we similarly conclude that in the matter before us, where the lease clause provided for the first refusal right if the property were to be sold, "sold" was to be given its ordinary meaning, and, therefore, the appellees' transfer by way of a gift did not activate the refusal right. Partial summary judgment was, therefore, properly granted.

Order affirmed.

KELLY, J., dissents.

KELLY, Judge, dissenting:

I respectfully dissent to the majority's determination that summary judgment was properly entered. I agree that appellee's "gift" of the property to Sacred Heart Hospital did not trigger appellant's first right of refusal. *See* Annotation, *Landlord and Tenant: What Amounts to "Sale" of Property for Purposes of Provision Giving Tenant Right of First Refusal if Landlord Desires to Sell,* 70 ALR3d

---

**2.** The clause read "In the event [lessor] desires to sell property included in this lease." *See Isaacson* at n. 2, 511 P.2d 269 at n. 2.

90

203, 203–213 (1976 and 1988 supp.). Nonetheless, I find that a genuine issue of material fact remained.

Our scope of review in an appeal from an order granting summary judgment is well established:

Ordinarily, summary judgment should only be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035(b). In passing upon a motion for summary judgment, a court most examine the record in the light most favorable to the nonmoving party. It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. Any doubt must be resolved against the moving party.

*Knecht v. Citizens & Northern Bank,* 364 Pa.Super. 370, 373–74, 528 A.2d 203, 205 (1987) *citing Melmed v. Motts,* 341 Pa.Super. 427, 429–30, 491 A.2d 892, 893 (1985) (citations omitted).

Instantly, appellant's pleading and affidavits alleged, *inter alia,* that appellee-Wolf had engaged in prior attempts and negotiations to sell the property. The trial court failed to address these allegations, and I find this to be error. If in fact there were attempts to *sell* the property *before* it was transferred by gift to Sacred Heart Hospital, such offers of sale may have triggered appellants' first right of refusal. Thus, appellant would then have been entitled to the opportunity of purchasing the property on the terms under which it was offered for sale.

At this juncture a material question of fact remains. If there were one or more prior offers of sale, the right of first refusal should be given specific performance. If there were not, or if the right is declined on the terms of such prior offers (if any), *then* the gift to Sacred Heart Hospital should be deemed valid.

Hence, I respectfully dissent.