## Sherman v. Brooks

*Jay L. Trout,* for plaintiff.
*Dann S. Johns,* for defendants.

CASSIMATIS, *J.,* December 15, 1993—This matter is before the court pursuant to the preliminary objections of the defendants, Peter A. Brooks a/k/a Herbert Wilson Sherman, Jr., and Rose Marie Barrick Brooks [hereinafter "defendants" unless further specified], to the amended complaint filed by the plaintiff, Rose E. Sherman, an incompetent, by Farmers Bank & Trust Company, her guardian [hereinafter "plaintiff" unless further specified].[1] The preliminary objections are brought in the nature of a demurrer, motion to dismiss for lack of subject matter jurisdiction and a motion to strike.

According to the amended complaint filed on January 22, 1993, the plaintiff is the owner of real property in Shrewsbury Township, York County, Pennsylvania,

---

1. Farmers Bank & Trust Company was appointed the guardian of the estate of the plaintiff, Rose E. Sherman, by an order of the Court of Common Pleas of York County, Orphans' Court Division, on April 23, 1992.

which is known as parcel 21 of tax map 2 for the 84th District, Shrewsbury.[2] The plaintiff acquired title to the property on March 20, 1964 through a deed recorded in the office of the recorder of deeds in and for York County, Pennsylvania, on page 115 of deed book, volume 55-T.

The amended complaint alleges that defendants presently reside on the property, that plaintiff has no lease

---

2. Description of the real estate of Rose E. Sherman, an incapacitated person.

All that certain tract of land situate in North Hopewell Township, tax map C-J, parcel 21, bounded and described as follows, to wit:

Beginning for a point at a spike in the center of Pennsylvania Department of Highways Legislative Route no. 66165 (Hain Road); thence along the center of said highway south 21 degrees 12 minutes east, 25 feet to a spike; thence along other lands now or formerly of Thomas E. Hopkins et ux., south 72 degrees23 minutes east, 398.5 feet to an iron pin; thence south 40 degrees 58 minutes east, 218.60 feet feet to an iron pin; thence north 60 degrees 37 minutes east, 454.40 feet to an iron pipe; thence south 36 degrees 11 minutes east, 1,404.55 feet to an iron pipe at lands now or formerly of Rickie J. Ebaugh; thence south 64 degrees west, 1,232.55 feet to a point in the center of the aforementioned Legislative Route no. 66165; thence along and through the center of said road north 14 degrees west, 554.4 feet to an iron pin; thence along lands now or formerly of Rickie J. Ebaugh and also of Norman and William A. Spicer, south 72 degrees west, 635.25 feet to an iron pin at lands of Norman and William A. Spicer; thence along said lands north 35 degrees 45 minutes west, 712.8 feet to lands now or formerly of Shrewsbury Borough; thence along said lands north 55 degrees 30 minutes east, 257.4 feet; thence along the same north 37 degrees west,349.8 feet (N 37° W, 349.8′); thence along the same north 50 degrees east, 633.6 feet to a spike in the center of Legislative Route no. 66165 and the place of beginning.

Containing 52 acres, more or less. As per survey by Gordon L. Brown dated March 14, 1964.

agreement with defendants and that defendants have not paid rent to the plaintiff.

On July 24, 1992, Farmers Bank & Trust Company mailed to defendant Peter A. Brooks a letter asking defendant whether he was a party to any lease with the plaintiff. The letter provided for the following:

"Dear Mr. Brooks:

"Farmers Bank and Trust Company has been appointed guardian of the financial affairs of Rose Sherman by the Orphans' Court of York County, York, PA. Based on our legal obligation under this appointment, it is necessary for us to sell Mrs. Sherman's real estate in order to pay her various past due and ongoing expenses. Please notify us within 30 days of the date of this letter if you have any written lease arrangement with Mrs. Sherman. If you do not have any such document, you are hereby requested to vacate the premises immediately. If you have not done so within 30 days we will initiate an eviction action. We will be making arrangements to have the property appraised and to list the property with a real estate agent. If you have any interest in purchasing the property at its fair market value, we would be willing to discuss this with you further.

"If you have any questions, please contact me."

The amended complaint alleges that the letter was returned unclaimed and that the defendants continue to reside on the subject property without any legal right and without the owner's permission.

## DEMURRER

Any party in a civil action may raise by preliminary objection a demurrer. Pa.R.C.P. 1017. A demurrer is an

assertion that a pleading does not set forth a cause of action or claim on which relief can be granted, or a legally sufficient defense. *Binswanger v. Levy,* 311 Pa. Super. 41, 457 A.2d 103 (1983).

"A preliminary objection in the nature of a demurrer admits every well-pleaded fact and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged complaint and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief may be granted. If there is any doubt as to whether a claim for relief has been stated, the trial court should resolve it in favor of overruling the demurrer." (citation omitted) *Creeger Brick and Building Supply, Inc. v. Mid-State Bank and Trust Company, SEDA,* 385 Pa. Super. 30, 32-33, 560 A.2d 151, 152 (1989).

"Further every allegation in the plaintiff's complaint must be accepted as true." (citation omitted) *Satchel v. Insurance Placement Facility of Pennsylvania,* 241 Pa. Super. 287, 292, 361 A.2d 375, 377 (1976).

"Conclusions of law and unjustified inferences are not admitted by the pleading. Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained." (citations omitted) *Sinn v. Burd, Appeal of JoAnne Marie Sinn,* 486 Pa. 146, 149-150, 404 A.2d 672, 674 (1979).

"This standard is so rigorous that Pennsylvania courts have cautiously and reluctantly applied it to dismiss causes of action. If any error is to be made or any bias encountered, it is to be in favor of overruling the preliminary objections

'[w]here a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.' " (citation omitted) *Lefever v. Lancaster Leaf Tobacco Company of Pennsylvania, Inc.,* 46 D.&C.3d 421, 424 (1987).

Defendants initially assert that to the extent that the plaintiff contends that defendants are tenants at-will or holdover tenants, she fails to aver proper service of any notice to quit required under Pennsylvania law. Plaintiff avers that a letter dated July 24, 1992, *supra* was addressed to defendant Peter Brooks, but avers that the letter was returned unclaimed.

Pursuant to 68 P.S. §250.501, defendants argue that service of a notice to quit is required to state a claim for ejectment.

"Section 250.501. Notice to quit.

A landlord desirous of repossessing real property from a tenant may notify, in writing, the tenant to remove from the same at the expiration of the time specified in the notice under the following circumstances, namely, (1) upon the termination of a term of the tenant, (2) or upon forfeiture of the lease for breach of its conditions, (3) or upon the failure of the tenant, upon demand, to satisfy any rent reserved and due.

In case of the expiration of a term or of a forfeiture for breach of the conditions of the lease where the lease is for any term of less than one year or for an indeterminate time, the notice shall specify that the tenant shall remove within 30 days from the date of service thereof, and when the lease is for one year or more, then within three months from the date of service thereof. In case of failure of the tenant, upon demand, to satisfy any rent reserved and due, the notice, if given on or after April first and

before September first, shall specify that the tenant shall remove within 15 days from the date of the service thereof, and if given on or after September first and before April first, then within 30 days from the date of the service thereof.

In case of termination due to the provisions of section 505-A, (footnote one omitted), the notice shall specify that the tenant shall remove within 15 days from the date of service thereof.

The notice above provided for may be for a lesser time or may be waived by the tenant if the lease so provides.

The notice provided for in this section may be served personally on the tenant, or by leaving the same at the principal building upon the premises, or by posting the same conspicuously on the leased premises."

As affected 1978, April 28, P. L. 202, no. 53, §2(a) [1271], effective June 27, 1978. As amended 1990, Dec. 20, P.L. 1465, no. 221 §1, effective in 60 days.

Plaintiff argues that an action in ejectment is specifically allowed by and excluded from the statutory provisions which require service upon a tenant of a notice to quit, citing 68 P.S. §250.511.

"Section 250.511. Remedy to recover possession by ejectment preserved.

"Nothing contained in this article shall be construed as abolishing the right of any landlord to recover possession of any real property from a tenant by action of ejectment, or from instituting any amicable action of ejectment to recover possession of any real property by confessing judgment in accordance with the terms of any written contract or agreement." 1951, April 6, P.L. 69, art. V, §511.

"A landlord desirous of seeking repossession of his leased premises from his tenant for nonpayment of rent must do so either by bringing an action under the Landlord and Tenant Act of 1951, as amended, and the related Pennsylvania Rules of Civil Procedure for Justices of the Peace, or by bringing an action in ejectment." *Wofford v. Vavreck,* 22 D.&C.3d 444, 453 (1981).

In the case of *Anna May Brown v. Jack F. Johnson,* 45 Westmoreland L.J. 15, the plaintiffs filed a complaint in ejectment alleging ownership and fee simple to real estate which was in the possession of the defendant. Defendant alleged that he did not receive notice to quit from the plaintiffs pursuant to 68 P.S. §250.501.

"The fourth preliminary objection states that the defendant did not receive 30 days' notice to vacate the premises. This is allegedly based on the Landlord and Tenant Act of 1951, which is contained in 68 P.S. §250.501 *Notice to Quit.* However, actions in ejectment are specifically exempted and 68 P.S. §250.511 reads:

"Nothing contained in this article shall be construed as abolishing the right of any landlord to recover possession of any real property from a tenant by action of ejectment, or from instituting any amicable action of ejectment to recover possession of any real property by confessing judgment in accordance with the terms of any written contract or agreement.'

"For this and other reasons above stated, the preliminary objections of the defendant will be dismissed." *Anna May Brown, supra,* at 17.

Pursuant to the above discussion, we dismiss defendants' request for a demurrer.

## LACK OF SUBJECT MATTER JURISDICTION

*Motion To Strike*

Defendants assert that this court lacks subject matter jurisdiction and that proper jurisdiction lies with the orphans' court division of the court of common pleas.

"Before a court may determine a legal action, it must possess both subject-matter jurisdiction and jurisdiction of the person." *Slezynger v. Bischak,* 224 Pa. Super. 552, 307 A.2d 405 (1973). "A personal judgment cannot be entered against anyone until he has had an opportunity to be heard, but where the subject matter of a suit is within the jurisdiction of the court, jurisdiction in rem or quasi in rem may be given by statutes providing for constructive service. When a court is without jurisdiction, its proceedings are a nullity, and its judgment is without effect on either the person or property.... A court without jurisdiction over the subject matter is without the power to adjudicate the issue before it. *Collier Township v. Robinson Township, Appellant,* 25 Pa. Commw. 227, 360 A.2d 839 (1976). Lack of jurisdiction of the subject matter is fatal at any stage of the proceedings." (footnotes omitted) 1 Standard Pennsylvania Practice 2d §2.53. Necessity of jurisdiction, pages 110 and 111.

"Jurisdiction over the subject matter in a given case depends upon the court's cognizance of the class of cases to which the one to be adjudicated belongs. Such jurisdiction relates to the competency of the particular court to determine controversies of the general class to which the case presented for its consideration belongs. A court has jurisdiction of the subject matter if it is empowered to enter upon an inquiry for the competent hearing and determination of a controversy of such character." (footnotes omitted) 1 Standard Pennsylvania

Practice 2d §2.54. Jurisdiction over subject matter, general, pages 111 and 112. "Jurisdiction over the subject matter is fixed by law and is beyond the control of the parties." (footnote omitted) 1 Standard Pennsylvania Practice 2d §2.60. Jurisdiction over subject matter, generally, page 121. See also, *Nagle v. American Casualty Company,* 317 Pa. Super. 164, 463 A.2d 1136 (1983). See also, *In re Jones & Laughlin Steel Corporation, Appeal of Mr. and Mrs. Walter Barcheski,* 488 Pa. 524, 412 A.2d 1099 (1980).

"Pursuant to Pa.R.C.P. 1017(b)(1), [Pa.R.C.P. 1017 was rescinded effective 1/1/92—See Pa.R.C.P. 1028(a)], a party may use preliminary objections in the nature of a petition raising a question of subject matter jurisdiction. The trial court's function is to determine whether the law will bar recovery due to lack of subject matter jurisdiction." *In re Ordinance No. 1-9-86, Logan Township, Blair County, Pennsylvania, Appeal of Ward Enterprises, Inc.,* 116 Pa. Commw. 640, 642-643, 542 A.2d 1051, 1053 (1988).

The test in such a situation is the competency of a particular court to determine controversies of the general class to which a case then presented for its consideration belongs. Goodrich-Amram 2d §1017(b):5, petition raising question of subject matter jurisdiction, pages 248 and 249.

Defendants assert that the Orphans' Court Division of the Court of Common Pleas has mandatory subject matter jurisdiction over the instant action. "The jurisdiction of the orphans' court is limited and is statutory in origin. *Estate of Hahn,* 471 Pa. 249, 252, 369 A.2d 1290, 1292 (1977); *Jervis Will,* 443 Pa. 226, 279 A.2d 151 (1971); In re *Estate of Soupcoff,* 329 Pa. Super. 130, 477 A.2d 1388 (1984). The orphans' court is a division of the Common Pleas Court. The courts of

common pleas are provided for in our state constitution: "There shall be one court of common pleas for each judicial district ... (b) having unlimited original jurisdiction in all cases except as may otherwise be provided by law.' Pa. Const. Art. 5, §5." *In re Estate of Susan A. Reinert, Deceased, Appeal of William Bradfield, Jr.,* 367 Pa. Super. 147, 150, 532 A.2d 832, 834 (1987). The jurisdiction of the orphans' court is set forth in 20 Pa.C.S. §§711 and 712. With regard to incompetents' estates, section 711(1) provides only that the orphans' court has jurisdiction over the following:

"Section 711. Mandatory exercise of jurisdiction through orphans' court division in general.

"Except as provided in section 712 of this code (relating to nonmandatory exercise of jurisdiction through orphans' court division) and section 713 of this code (relating to special provisions for Philadelphia County), the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:

"(1) Decedents' estate.—The administration and distribution of the real and personal property of decedents' estates and the control of the decedent's burial....

"(10) Incapacitated persons' estates.—The administration and distribution of the real and personal property of the estate of incapacitated persons, except where jurisdiction thereof was acquired by the Court of Common Pleas prior to January 1, 1969 unless the president judge of such court orders the jurisdiction of the estate to be exercised through the orphans' court division. Amended 1992, April 16, P.L. 108, no. 24, §1, effective in 60 days....

"(15) Construction of administrative power.—The construction of an administrative power as to real estate proposed to be exercised by a fiduciary of an estate

or trust, jurisdiction of which is exercised through the orphans' court division.

"(16) Disposition of title to real estate to render it freely alienable.—The disposition of any interest in real estate of one disabled from dealing with it when title to it has been acquired by descent or will, or is in an estate or trust jurisdiction of which is exercised through the orphans' court division...." 1972, June 30, P.L. 508, no. 164, §2, eff. July 1, 1972, as amended 1974, Dec. 10, P.L.    , no. 293, imd. effective.

Plaintiff asserts that 20 Pa.C.S. §712 provides for the permissive exercise of jurisdiction through the orphans' court division.

"Section 712. Nonmandatory exercise of jurisdiction through the orphans' court division.

"The jurisdiction of the Court of Common Pleas over the following may be exercised through either its orphans' court division or other appropriate division:

"(1) Title to real estate.—The determination of the persons to whom the title to real estate of a decedent or of the creator of an estate or trust has passed by devise or descent or by the terms of the trust instrument where jurisdiction of such estate or trust is exercised through the orphans' court division: provided, that nothing herein shall be construed to restrict the provisions of section 711 (relating to mandatory exercise of jurisdiction through orphans' court division in general) relating to distribution of real estate in an estate or trust.

"(2) Guardian of person.—The appointment, control and removal of the guardian of the person of any incapacitated person.

"(3) Other matters.—The disposition of any case where there are substantive questions concerning mat-

ters enumerated in section 711 and also matters not enumerated in that section.

"(4) Powers of attorney.—All matters pertaining to the exercise of powers by attorneys in fact or agents acting under powers of attorney as provided in Chapter 56 (footnote one omitted) (relating to powers of attorney) when the principal is or may be deceased, disabled or incapacitated."

As amended 1976, July 9, P.L. 551, no. 135, §2, imd. effective; 1978, April 28, P.L. 77, no. 37, §1, effective in 60 days; 1992, April 16, P.L. 108, no. 24, §1, effective in 60 days.

The official comment to section 712(3) reveals that this section is intended to prevent multiple actions in various divisions of the court when there are several issues in a case, even if a certain issue would ordinarily be decided by a specific division. Official Comment to 20 Pa.C.S. §712(3).

Both parties are correct in stating that there is no definition of the term "administration" in Title 20, which is part of the operative language of 20 Pa.C.S. §711(10), but Ballentine's Law Dictionary defines "administration" and "administration of estates" as follows:

"Administration. The execution of a law by putting it in effect, applying it to the affairs of men. The management, care, or control of anything; an executor's or administrator's management of the estate of a decedent; an officer's management of his office.

"Administration of estate. The management by a fiduciary, such as an executor, administrator, receiver, trustee, guardian, etc. of the estate which comes into his custody and possession by virtue of his office, including, as the fiduciary may be authorized by law, the collection of assets, the conservation and sale of

property, instituting and defending actions on behalf of the estate, distribution of assets, and reporting to the court."

"Once it is determined by sections 711 and 712 that the orphans' court has jurisdiction to hear a case, then it has the same authority as the whole court. 42 Pa.C.S. §952. Section 952 states: '... In a court of common pleas having two or more divisions, each division of the court is vested with the full jurisdiction of the whole court.' 20 Pa.C.S. §701 also provides: '... [e]xcept as otherwise provided or prescribed by law, each orphans' court division shall possess the powers vested in the whole court.' 20 Pa.C.S. §701, noted in *Estate of Gilbert,* 342 Pa. Super. 82, 492 A.2d 401 (1985) (citing *Guerin v. Guerin,* 296 Pa. Super. 400, 404 n.3, 442 A.2d 1112, 1113 n.3 (1982))." *In re Estate of Susan A. Reinert, Deceased, supra,* at 151, 532 A.2d at 834. See also, *In re Estate of Charles Hall, Deceased, Appeal of Essex Square Corporation,* 517 Pa. 115, 140, 535 A.2d 47, 59 (1987) where the court stated: "20 Pa.C.S. §712 confers upon the orphans' court division broad residual and discretionary jurisdiction over all matters that are subject to resolution by courts of common pleas generally. Moreover, it is now recognized that the divisions of the common pleas courts are established essentially for purposes of administrative convenience, and that each division is vested with the full jurisdiction of the whole court. 42 Pa.C.S. §952."

However, the court in *Mallalieu Estate,* 3 D.&C.4th 170 (1989) stated that in its judgment, "this jurisdiction should not be extended to cover things that are traditionally heard in civil courts: see e.g. *Purman Estate,* 358 Pa. 187, 56 A.2d 86 (1948)." *Id.* at 174.

Based upon the above case law and statutory law, we are of the opinion that although the orphans' court

division has jurisdiction over the issue before us in the instant case, this jurisdiction is non-exclusive and that the issue in the instant case could also properly stay with the trial court division. Since the plaintiff brought the instant action in the trial court division, we will retain jurisdiction.

Accordingly, we enter the following order.

### ORDER

And now, to wit, December 15, 1993, upon consideration of the preliminary objections filed by the defendants Peter A. Brooks a/k/a Herbert Wilson Sherman, Jr. and Rose Marie Barrick Brooks to the amended complaint of the plaintiff, Rose E. Sherman, it is hereby ordered and directed:

(1) The preliminary objection in the nature of a demurrer is denied.

(2) The preliminary objection in the nature of lack of subject matter jurisdiction is denied and jurisdiction remains with the trial division of the Court of Common Pleas of York County.

(3) The defendants are directed to file an answer to the amended complaint within 25 days of the date of this order.

The prothonotary is directed to provide notice of the entry of this opinion and order as provided by law.