685 S.E.2d 679

CHOICE LANDS, LLC, a West Virginia
Limited Liability Company, Plaintiff
Below, Appellant

v.

Nondus TASSEN, Individually and as Ex-
ecutrix for the Estate of Billy L. Tassen,
and Kenneth Jones and Joyce Jones, De-
fendants Below, Appellees

Nondus Tassen, Individually and as Exec-
utrix for the Estate of Billy L. Tassen,
Third Party Plaintiff Below, Appellee

v.

Old Colony Company and Betty
P. Sargent, Third Party
Defendants.

No. 33878.

Supreme Court of Appeals of
West Virginia.

Submitted Oct. 8, 2008.

Decided Nov. 19, 2008.

Richard J. Bolen, Huddleston Bolen LLP, Huntington, WV, for the Appellant.

R. Lee Booten, II, Huntington, WV, for the Appellees, Kenneth Jones and Joyce Jones.

## PER CURIAM:[1]

In this appeal, Choice Lands, LLC (hereinafter "Choice Lands"), challenges two related orders of the Circuit Court of Cabell County involving an easement across property the company owns. The first order, entered July 20, 2006, granted judgment on the pleadings in favor of two of the defendants below, Kenneth and Joyce Jones (hereinafter referenced collectively as the "Joneses").[2] Thereafter Choice Lands moved to vacate or obtain relief from that decision,[3] which the lower court denied by order dated May 14, 2007.

The essence of Choice Lands' challenge in this appeal is that the lower court improperly found that the pleadings alone established that Choice Lands' property was burdened with an easement to accommodate the Joneses' right of ingress and egress to their property. Choice Lands maintains that such conclusion does not comport with the language of the Joneses' deed, affidavits accompanying the pleadings or the law governing prescriptive easements.

Having considered the briefs and oral arguments of counsel, the record and the controlling law, we reverse the judgment of the lower court and remand the matter for further proceedings.

## I. Factual and Procedural Background

This case involves a dispute over the right to use an existing gravel driveway on certain properties situated in Huntington, West Virginia. The map in the record shows that the driveway in question runs from Bonnie Boulevard, a public street in Huntington, across the southern portion of several contiguous lots. Choice Lands owns the lot at the intersection of Bonnie Boulevard and the gravel driveway (hereinafter "Lot 13"). From Lot 13, the driveway stretches across a lot owned by Mrs. Nondus Tassen (Lot 12), extends over a lot between the Tassen and Joneses' property (Lot 11),[4] and then proceeds onto the Joneses' property (Lot 10).[5] Additionally, the map shows a small portion of the driveway crossing the corner of a lot identified as "14." Lot 14 is situated directly across the gravel driveway from Lot 13, Lot 12 and a portion of Lot 11.

On August 13, 2003, Billy Tassen[6] and Nondus Tassen sold Lot 13 to Choice Lands. According to the complaint filed by Choice Lands on June 24, 2005, Choice Lands specifically inquired about use of the driveway prior to the closing of the sale. The Tassens assured Choice Lands that the Joneses only used the driveway by permission of the Tassens. An affidavit signed by Mr. and Mrs.

---

1. Pursuant to an administrative order entered on September 11, 2008, the Honorable Thomas E. McHugh, Senior Status Justice, was assigned to sit as a member of the Supreme Court of Appeals of West Virginia commencing September 12, 2008, and continuing until the Chief Justice determines that assistance is no longer necessary, in light of the illness of Justice Joseph P. Albright.

2. Fewer than all of the parties named in the suit below are involved in this appeal. In its original suit, Choice Lands named not only the Joneses but also Nondus Tassen, individually and as executrix of her husband Billy's estate, as defendants. Although all assertions in the suit involve the property Choice Lands owns, the claims Choice Lands levied against the Joneses were not the same as those raised against Mrs. Tassen. Additionally, Mrs. Tassen asserted third party claims against the realty company, Old Colony Company of Huntington, and one of its realtors, Betty P. Sargent, making them parties to the suit.

The granting of the motion for judgment on the pleadings served only to dismiss Choice Lands' claim against the Joneses.

3. Choice Lands' challenge to the July 20, 2006, order was filed on October 23, 2006, and was styled as "Plaintiff's Motion for Reconsideration of Order Granting Jones Defendants' 'Motion for Judgment on the Pleadings' or, in the Alternative, Motion for Relief from that Order."

4. The ownership of Lot 11 is not explicitly established in the record.

5. The map reveals that the driveway extends beyond the Joneses' property; use or ownership by anyone residing beyond the Joneses' land is outside the scope of this case and information in the record.

6. Mr. Tassen died sometime after the sale was completed.

Tassen on August 13, 2003, appearing in the record as an exhibit filed with the complaint, supports this assertion. The affidavit recites that the Tassens had permitted the Joneses to use the gravel driveway for ingress and egress to the Joneses' property. The affidavit further states that the Joneses were told by the Tassens that the permissive use would no longer be allowed due to the sale of the property.[7] It was not until after the closing on the sale that the Joneses informed Choice Lands that they had a legal right to use the driveway beyond any permission the Tassens would have given. They asserted that the right to use the driveway was secured by express grant of an easement in their recorded deed.[8]

Thereafter, Choice Lands brought suit against the Tassens and Joneses. By the terms of the June 24, 2005, complaint, the nature of the relief Choice Lands sought from the Joneses included to:

(iii) confirm the termination of the Jones[es]' use of the Driveway and order that the Tassens, at the Tassens' cost, wholly relocate the Jones[es] right of access from the Choice Lands' Property and establish an alternate easement for the Jones[es] ... across the Tassen's remaining property[.]

(iv) permanently enjoin the Jones[es], their tenants and invitees, and their respective successors and assigns from further use of any portion of Choice Lands' Property[.]

After responsive pleadings were filed, the Joneses moved for judgment on the pleadings pursuant to Rule 12(c) of the West Virginia Rules of Civil Procedure.[9]

The lower court heard oral argument regarding the motion on April 26, 2006, but took no evidence. By order dated July 20, 2006, the judgment on the pleadings motion was granted in favor of the Joneses. The order reflects that court based its decision largely upon the easement language in the Joneses' deed which states:

TOGETHER with the right of ingress and egress with automobiles unto the southerly part of the above described parcel over and across any easement or right-of-way being used for vehicles or usable for vehicles extending from Norway Avenue[10] or Bonnie Boulevard across or on Lot 10 and/or Lot 11 and/or Lot 12 and/or Lot 14 of said Campbell Place.

Appellant filed a challenge to the July 20, 2006, order on October 23, 2006. In its motion, Choice Lands raised alternative grounds for requesting relief. The company first contended that the July 20, 2006, order was not a final order under Rule 54(b) of the West Virginia Rules of Civil Procedure[11] and

---

7. Another affidavit supplied as an exhibit with Choice Lands' motion for relief from the July 20, 2006, order, also supported this assertion. This affidavit was made by the manager of Choice Lands who claimed that sometime before Choice Lands' purchase of Lot 13 was completed he accompanied Mr. Tassen to the Joneses' home for a meeting at which the Joneses were advised that the permissive use of the gravel driveway was terminated because of the impending sale of the property to Choice Lands.

8. The deeds in the record indicate that the Joneses acquired their property on June 12, 1978, from a Robert Ray Casto and Helen Carol Casto whose predecessors in title were the Tassens. The lower court's July 20, 2006, order relates that the Joneses' chain of title showed that the deed with the easement language had been on record in the Cabell County Clerk's Office since 1973.

9. Rule 12(c) of the West Virginia Rules of Civil Procedure (hereinafter "Rule 12(c)") reads as follows:

(c) *Motion for judgment on the pleadings.*— After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

10. According to the map in the record, Norway Drive runs at the northern border of the lots roughly parallel to the gravel driveway and perpendicular to Bonnie Drive.

11. Rule 54(b) of the West Virginia Rules of Civil Procedure states as follows:

(b) *Judgment upon multiple claims or involving multiple parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim,

requested the trial court to use its plenary power to modify the non-final order. Choice Lands alternatively sought relief from that order pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure [12] maintaining among other things that new and material facts had come to light subsequent to the entry of the July 20, 2006, order.

The trial court denied the motion on either ground, as reflected in the findings and rulings set forth in the May 14, 2007 order. The lower court found that the July 20, 2006, order was a final order under the standard set forth in syllabus point one of *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995), in that the "order approximates a final order in its nature or effect." *Id.* at 773, 461 S.E.2d at 519. Turning to Choice Lands' alternative basis for relief, the lower court found that despite the fact that Lot 13 was not mentioned in the easement language of the Joneses' deed nor was it considered at the time the first order was entered, it did not constitute newly discovered evidence which would serve to alter the decision to dismiss

the claim against the Joneses because the easement had been in place for 27 years. The May 14, 2007, order specifically states that:

> 4. The Court agrees that the lot 13 issue was not previously raised, but finds it difficult to understand how this can be considered a newly discovered fact since the easement has been in place for 27 years. Lot 13 was owned by the Tassens, who did not object to the Joneses' motion for judgment on the pleadings and who stated that the easement was specific. The Tassens had always allowed the Joneses to cross lot 13, at least prior to Mr. Tassen's termination of any such permissive use, thus establishing it is a part of the easement due to its 27 years of continuous use.

The order further relates the court's findings that one using due diligence should have discovered that the gravel driveway crossed Lot 13, and that Choice Lands' Lot 13 argument does not cure the deficiency in its pleadings so as to overcome dismissal of the claim against the Joneses.[13]

or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

12. Rule 60(b) of the West Virginia Rules of Civil Procedure (hereinafter "Rule 60(b)") provides in pertinent part:
   (b) *Mistakes; inadvertence; excusable neglect; unavoidable cause; newly discovered evidence; fraud, etc.*—On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated in-

trinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant statutory relief in the same action to a defendant not served with a summons in that action, or to set aside a judgment for fraud upon the court.

13. *See* Syl. Pt. 2, in part, *Copley v. Mingo County Bd. of Educ.*, 195 W.Va. 480, 466 S.E.2d 139 (1995) ("The West Virginia Rules of Civil Procedure approach the motion [for judgment on the pleadings] essentially as a motion to dismiss for failure to state a claim in that the motion will not be granted except when it is apparent that the deficiency could not be cured by an amendment.")

With regard to whether the May 14, 2007, order was one from which appeal could be taken, the lower court found that since the May 14 order was "inextricably intertwined with the July 20, 2006 Order" granting judgment on the pleadings, the appeal period for both began with the issuance of the later order. Choice Lands then filed its petition for appeal, which this Court granted on March 13, 2008.

## II. Standard of Review

■ The appeal herein involves review of two related but distinct lower court orders. The first order consists of a dismissal of a claim resulting from the grant of a motion for judgment on the pleadings in accord with Rule 12(c). "Appellate review of a circuit court's order granting a motion for judgment on the pleadings is de novo." Syl. Pt. 1, *Copley v. Mingo County Bd. of Educ.*, 195 W.Va. 480, 466 S.E.2d 139 (1995). The second order entails the denial of a Rule 60(b) motion to reconsider the dismissal. We recently observed in *Westmoreland v. Vaidya*, 222 W.Va. 205, 664 S.E.2d 90 (2008), that although our review of a lower court's denial of a Rule 60(b) motion is generally limited and deferential, where the Rule 60(b) motion challenges the trial court's earlier dismissal of a case our review focuses on the substantive standard of review applicable to the dismissal when the appeal period has not expired on the dismissal order. *Id.* at 209, 664 S.E.2d at 94. Here the lower court's May 14, 2007, order expressly notes that the appeal period for both orders began with the issuance of the May 14 order. Consequently, since the controlling issue on appeal is dismissal of the Joneses' claim resulting from a judgment on the pleadings, we proceed to review of the matter de novo. Syl. Pt. 1, *Copley.*

## III. Discussion

The primary contention Choice Lands raises in this appeal is that the lower court misapplied the standard for granting the Joneses' motion for judgment on the pleadings. In support of this argument, Choice Lands maintains that the lower court did not afford proper deference to the unrefuted allegations of its complaint and relied upon matters outside of the pleadings to arrive at the conclusion that the gravel driveway at issue is the same easement as that established in the Joneses' record chain of title. We turn our attention to the relevant factors a trial court must consider when presented with a motion for judgment on the pleadings.

■ The considerations of a court presented with a Rule 12(c) motion were explored in *Copley v. Mingo County Board of Education*, 195 W.Va. 480, 466 S.E.2d 139 (1995). In syllabus point three of *Copley* we stated: "A circuit court, viewing all the facts in a light most favorable to the nonmoving party, may grant a motion for judgment on the pleadings *only if* it appears beyond doubt that the nonmoving party can prove no set of facts in support of his or her claim or defense." (Emphasis added). We further explained in *Copley* that "[a] motion for judgment on the pleadings presents a challenge to the legal effect of given facts rather than on proof of the facts themselves." Syl. Pt. 2, in part, *Copley.*

In another case addressing the factors considered by courts deliberating on a Rule 12(c) motion this Court further explained that "[w]e read a pleading liberally and accept as true the well-pleaded allegations of the complaint and the inferences that reasonably may be drawn from the allegations." *Kopelman and Associates, L.C. v. Collins*, 196 W.Va. 489, 493, 473 S.E.2d 910, 914 (1996). We further recognized in *Kopelman* that "[i]t will be a rare case in which the parties' differences will be resolved appropriately on the pleadings alone." *Id.* This is true because a circuit court may only grant judgment on the pleadings when, "after the close of the pleadings, no material fact remain[s] in dispute and the defendants ... [are] entitled to judgment as a matter of law." *Id.* Additionally, a Rule 12(c) "motion will not be granted except when it is apparent that the deficiency could not be cured by an amendment." Syl. Pt. 2, *Copley.*

■ Looking at the pleadings in the instant case, we find that Choice Lands stated in its complaint that it had asked the Tassens about use of the gravel driveway before purchasing the land because it "wanted to ac-

quire the Property free and clear of any other party's usage or rights in the Driveway." The complaint further states that the Tassens represented to Choice Lands that use of the driveway across Lot 13 was purely permissive and permission was being withdrawn. An affidavit of the Tassens attached to the complaint supported the assertions regarding permissive use and withdrawal of that permission. The copy of Choice Lands' deed to Lot 13 attached to the complaint is devoid of any reference to an easement on the property. Nor does the easement language in the Joneses' deed (also submitted with the complaint) mention Lot 13, and instead states:

> TOGETHER with the right of ingress and egress with automobiles unto the southerly part of the above described parcel over and across any easement or right-of-way being used for vehicles or usable for vehicles extending from Norway Avenue or Bonnie Boulevard across or on Lot 10 and/or Lot 11 and/or Lot 12 and/or Lot 14 of said Campbell Place.

These factual assertions, and reasonable inferences which may be drawn from them, certainly present a basis upon which judgment for Choice Lands could be granted. The Joneses argue that the lower court correctly found that the easement had been in place for 27 years, which Choice Lands could have readily discovered had they researched the Joneses' deed. Such argument ignores the root issue that there is no legal basis in the pleadings for finding that Lot 13 is encumbered with an easement. The Joneses may well be entitled to an easement, but the pleadings do not establish the location of the easement across Lot 13. Nor does the use of the gravel driveway over Lot 13 for 27 years create a legal basis for conclusively finding an easement across the property. It may be proven that use of the driveway was not by permission of the Tassens so as to establish a prescriptive easement,[14] or that an easement exists on other legal grounds. However, judgment on the pleadings is not appropriate in either instance because factual issues remain unresolved. Because a motion for judgment on the pleadings does not test the proof of the facts alleged, but rather assumes the truth of those facts most favorable to the nonmoving party, we find that the lower court erred as a matter of law under the circumstances. To be clear, in reaching this determination we are not considering the merits of the parties' arguments but rather finding that it is premature to dispose of the claim involving the Joneses because further development of the facts is necessary to resolve the matter in a fair and just manner. Accordingly, we reverse the orders granting judgment on the pleadings and remand the matter for further proceedings.

## IV. Conclusion

In summary, having found no basis in law for the circuit court's judgment on the pleadings, we reverse both the July 20, 2006, and May 14, 2007, orders of the Circuit Court of Cabell County, and we remand this case for further proceedings.

Reversed and remanded.

Justice ALBRIGHT not participating.

Senior Status Justice McHUGH sitting by temporary assignment.

Justice BENJAMIN, deeming himself disqualified, did not participate in the decision of this case.

Judge BEANE sitting by temporary assignment.

---

14. *See* Syl. Pt. 1, *Town of Paden City v. Felton,* 136 W.Va. 127, 66 S.E.2d 280 (1951) ("To establish an easement by prescription there must be continued and uninterrupted use or enjoyment for at least ten years, identity of the thing enjoyed, and a claim of right adverse to the owner of the land, known to and acquiesced in by him; *but if the use is by permission of the owner, an easement is not created by such use.*") (emphasis added).