# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ronald Lee Kupfer, Individually,**
**and Beth S. Kupfer, Individually,**
**Plaintiffs Below, Petitioners**

**FILED**

**May 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 17-0527** (Marshall County 16-C-142)

**Chesapeake Appalachia, LLC,**
**Zachary Blair, and**
**SWN Production Company, LLC,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Ronald Lee Kupfer and Beth S. Kupfer, by counsel Teresa C. Toriseva and Joshua D. Miller, appeal the May 11, 2017, order of the Circuit Court of Marshall County that granted the motion for judgment on the pleadings filed by Respondent Zachary Blair and the motions to dismiss filed by Respondents SWN Production Company, LLC ("SWN"), and Chesapeake Appalachia, LLC ("CHK"). Respondent Blair, by counsel Jonathan E. Turak and Christian E. Turak; Respondent CHK, by counsel Nicolle R. Snyder Bagnell and Lucas Liben; and Respondent SWN, by counsel Timothy M. Miller, Matthew S. Casto, and W. Brian Nickerson, filed responses in support of the circuit court's order. Petitioners submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By deed dated March 29, 1980, petitioners were conveyed ninety acres of land that was comprised of thirty acres located in Proctor District, Wetzel County, and sixty acres located in Mead District, Marshall County. This deed did not include any oil and gas reservations. It is of record in the Office of the Clerk of the County Commission of Wetzel County in Deed Book 486, Page 456.

By deed dated April 26, 1981, petitioners conveyed thirty acres of the original ninety acres, located in Wetzel County, to Kenneth R. and Cheryl E. Darr. This deed did not include any oil and gas reservations. It is of record in the Office of the Clerk of the County Commission of Wetzel County in Deed Book 303, Page 63.

By deed dated May 2, 1990 ("the subject deed"), petitioners conveyed nine parcels of

1

land to C. Michael Blair, including the sixty acres located in Marshall County. The sixty-acre parcel is referred to in this deed as the "NINTH PARCEL."

The subject deed stated, in relevant part, as follows: "WITNESSETH, . . . the said parties of the first part do GRANT and CONVEY unto the said party of the second part, the following described real estate, . . . Parcels 4, 13, 14, 15, 16, 17, 18, 19 and 20, . . . to-wit:" followed by separately enumerated paragraphs of the first eight parcels and their respective legal descriptions.[1] Immediately following these descriptions, the subject deed stated, "There is excepted and reserved from said parcels all the coal, oil, gas and other minerals, on, within and underlying the property hereby conveyed, together the right to lease, remove, mine, drill and operate for the same without any liability for damages, also with all rights for gas storage."

Following this reservation and exception, the subject deed listed, in a separate paragraph, the "NINTH PARCEL," followed by that parcel's legal description. No reservation of the coal, oil, gas, or minerals or any other reservation follows the legal description of the "NINTH PARCEL."[2]

By deed dated September 13, 2000, C. Michael Blair conveyed his interest in the nine parcels exactly as referenced in the subject deed to Respondent Zachary M. Blair. The September 13, 2000, deed included the same reservation and exception as the subject deed following the legal description of parcels one through eight. Likewise, this deed did not include a reservation following the legal description of the "NINTH PARCEL."

In an agreement entered on April 3, 2009, a lease modification was entered into with Respondent CHK, as sub-lessee, for the lease of the oil and gas underlying the subject sixty

---

[1] Specifically, the subject deed listed and described the first three parcels and then indicated that these parcels were "the same property conveyed to [petitioners] . . . by deed dated the 5th day of January, 1978 . . . ." The subject deed proceeded to then list and describe the fourth through eighth parcels and indicated that these five parcels were "the same property conveyed to [petitioners] . . . by deed dated the 14th of April, 1983 . . . ."

[2] Specifically, the "NINTH PARCEL" describes the original ninety acres that petitioners were conveyed by the March 29, 1980, deed; the subject deed then excepts the thirty-acre tract conveyed by petitioners on April 26, 1981:

> There is excepted and reserved, however, from this NINTH PARCEL, a certain parcel containing 30 acres, more or less, conveyed to Kenneth R. Darr and Cheryl L. Darr, his wife, by [petitioners], by deed dated April 26, 1981, and of record in the offices of the Clerk of the County Commission of Wetzel County, West Virginia, in Deed Book 303, page 63.

> This conveyance is made subject to all exceptions, reservations, covenants and conditions referred to or contained in the aforementioned deed and all prior deeds of record, and to all rights of way and easements of record.

acres.[3] In January of 2014, Respondent CHK sold and assigned the lease, along with many other leases, to Respondent SWN, who currently holds the oil and gas lease for the subject property.

On September 22, 2016, petitioners filed an amended complaint against respondents claiming that petitioners were the rightful owners of the oil and gas underlying the subject sixty acres. Petitioners alleged claims of conversion and trespass. Respondent Blair thereafter filed a motion for judgment on the pleadings under West Virginia Rule of Civil Procedure 12(c) and Respondents CHK and SWN filed motions to dismiss under Rule 12(b)(6). Following a hearing, the circuit court entered an order granting respondents' respective motions. In its May 11, 2017, order, the court concluded that the May 2, 1990, deed unambiguously reserved the oil and gas under parcels one through eight to the grantors (i.e., petitioners) but did not reserve any oil and gas under the ninth parcel and that, because petitioners do not own the oil and gas, they do not have standing to bring any of their claims. This appeal followed.

This appeal requires our review of two rulings that are the subject of the circuit court's May 11, 2017, order. The first ruling grants Respondent Blair's motion for judgment on the pleadings. "'Appellate review of a circuit court's order granting a motion for judgment on the pleadings is de novo.' Syl. Pt. 1, *Copley v. Mingo County Bd. of Educ.,* 195 W.Va. 480, 466 S.E.2d 139 (1995)." Syl. Pt. 1, *Choice Lands, LLC v. Tassen*, 224 W. Va. 285, 685 S.E.2d 679 (2008). Furthermore,"[a] circuit court, viewing all the facts in a light most favorable to the nonmoving party, may grant a motion for judgment on the pleadings only if it appears beyond doubt that the nonmoving party can prove no set of facts in support of his or her claim or defense." *Id.* at 285, 685 S.E.2d at 679, at syl. pt. 2 (quoting *Copley,* 195 W.Va. at 480, 466 S.E.2d at 139). "'A motion for judgment on the pleadings presents a challenge to the legal effect of given facts rather than on proof of the facts themselves.'" *Tassen*, 224 W.V. at 285, 685 S.E.2d at 679 (quoting *Copley,* 195 W.Va. at 480, 466 S.E.2d at 139, at syl. pt. 2, in part).

Similarly, "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W. Va. 770, 461 S.E.2d 516 (1995). Finally, "[d]ismissal for failure to state a claim is proper 'where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Murphy v. Smallridge,* 196 W. Va. 35, 36, 468 S.E.2d 167, 168 (1996).

At issue in this appeal is whether the circuit court erred in concluding that the subject deed "unambiguously reserved the oil and gas under parcels One through Eight, but [did] not reserve any oil and gas under the Ninth Parcel." Petitioners argue that "[a] deed of conveyance, in order to pass title, must contain a description of the property being conveyed which sufficiently identifies the land, either by the language of the granting clause itself or by reference to extrinsic facts which render the description certain." *Sally-Mike Props. v. Yokum*, 175 W. Va.

---

[3] According to the record on appeal, the lease modification appears to have been entered into between Respondent CHK, as sub-lessee, and C. Michael Blair and Linda Blair, his wife, as lessors, even though C. Michael Blair had previously conveyed the subject sixty acres to Respondent Zachary Blair. This discrepancy is not explained by the parties nor does it appear to be relevant to the issues raised in this appeal.

3

296, 301-02, 332 S.E.2d 597, 602 (1985). According to petitioners, the subject deed "stated[,] in the paragraph immediately following the identification of the parties, what was being conveyed: ' . . . the following described real estate, whose Tax Map Number is 21, Parcels 4, 13, 14, 15, 16, 17, 18, 19, and 20. . . .'" Petitioners contend that this language "completed the conveyance" and that the descriptions of the individual parcels that appear later in the subject deed were unnecessary to meet the requirement that the land being conveyed must be sufficiently identified. Petitioners posit that, "if the unnecessary parcel by parcel description is removed, what is left is a deed that sufficiently identifies what is being conveyed and then reserves and excepts the rights to oil and gas."

This Court has long held that

"[i]n construing a deed, will, or other written instrument, it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties wherever that is reasonably clear and free from doubt, unless to do so will violate some principle of law inconsistent therewith." Syllabus Point 1, *Maddy v. Maddy,* 87 W.Va. 581, 105 S.E. 803 (1921).

Syl. Pt. 5, *Faith United Methodist Church & Cemetery of Terra Alta v. Morgan*, 231 W. Va. 423, 745 S.E.2d 461 (2013). Petitioners' argument is fundamentally flawed in that it focuses on but one portion of the subject deed and fails to consider all of the parts together so as to give effect to the intention of the parties. Indeed, petitioners ignore that the enumerated paragraphs containing legal descriptions for parcels one through eight are immediately followed by a reservation specific to those parcels – that is,

[t]here is excepted and reserved from said parcels all the coal, oil, gas and other minerals, on, within and underlying the property hereby conveyed, together with the right to lease, remove, mine, drill and operate for the same without any liability for damages, also with all rights for gas storage.

Petitioners also fail to understand that, following this reservation is a separate paragraph setting forth the legal description of the ninth parcel being conveyed and that, importantly, there is no reservation of coal, oil, gas, or other mineral rights following the description thereof.

This Court has held that

"'[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent.' Syl. pt. 1, *Cotiga Development Company v. United Fuel Gas Company,* 147 W.Va. 484, 128 S.E.2d 626 (1963)." Syllabus point 1, *Sally–Mike Properties v. Yokum,* 175 W.Va. 296, 332 S.E.2d 597 (1985).

Syl. Pt. 9, *Arnold v. Palmer*, 224 W. Va. 495, 686 S.E.2d 725 (2009). *See Zimmerer v. Romano*, 223 W. Va. 769, 778, 679 S.E.2d 601, 610 (2009) (stating that "'[i]n the construction of a deed

4

or other legal instrument, the function of a court is to ascertain the intent of the parties as expressed in the language used by them.' *Davis v. Hardman,* 148 W.Va. 82, 89, 133 S.E.2d 77, 81 (1963) (internal citations omitted)"); *Bennett v. Dove,* 166 W.Va. 772, 774, 277 S.E.2d 617, 618–19 (1981) (stating that "[a] fundamental rule of law is that a court, in deciding disputes about the meaning of a contract, deed, or will, will endeavor to carry into effect the intent of the parties to the agreement, seeking first to ascertain such intent from the instrument itself.").

Petitioners urge this Court to "liberally construe" the phrase "said parcels" in the reservation paragraph such that the phrase is not limited only to the deed language immediately preceding it (i.e., parcels one through eight). Rather, petitioners argue that the definition of "said" is "before mentioned," *Black's Law Dictionary* 1537 (10th ed. 2014), and that, if liberally construed, the phrase "said parcels" applies to all of the parcels "before mentioned" – that is, outlined in the subject deed's second paragraph (i.e., "the following described real estate, whose Tax Map Number is 21, Parcels 4, 13, 14, 15, 16, 17, 18, 19 and 20"). This argument is not persuasive.

It is axiomatic that "'[p]arties are bound by general and ordinary meanings of words used in deeds.' Syl. Pt. 1, *McDonough Co. v. E.I. DuPont DeNemours & Co., Inc.,* 167 W.Va. 611, 280 S.E.2d 246 (1981)." Syl. Pt. 1, *Meadows v. Belknap*, 199 W. Va. 243, 483 S.E.2d 826 (1997). Indeed,

> "[i]t is also well settled that the words of an agreement should be given their natural and ordinary meaning, because the parties presumably used the words in the sense in which they were generally understood. 'It is the safest and best mode of construction to give words, free from ambiguity, their plain and ordinary meaning.' *Williams v. South Penn Oil Co.*, 52 W.Va. 181, 43 S.E. 214 (1902), Syllabus Point 4."

*Bennett*, 166 W. Va. at 774, 277 S.E.2d at 619.

The phrase "said parcels" unambiguously refers to the "above-mentioned" parcels that are described in the paragraphs immediately preceding the reservation. The only reasonable interpretation is that the reservation applies to parcels One through Eight. This is clearly the intention given that the description of the Ninth Parcel appears *after* the reservation of the oil and gas from "said parcels." It follows then that the absence of any reservation language after the description of the Ninth Parcel means that there was no reservation.

Finally, petitioners argue that, "[f]or purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *John W. Lodge Distribution Co. v. Texaco, Inc.*, 161 W. Va. 603, 605, 245 S.E.2d 157, 158 (1978). Therefore, they argue, the circuit court erred in dismissing their claims because the court was required to take as true the allegation in their amended complaint that the conveyance of the sixty-acre parcel to C. Michael Blair in the subject deed "included a reservation of all mineral rights." This argument is flawed because whether the subject deed "included a reservation of all mineral rights" is a question of law and not fact and must be determined by the court. *See Faith United Methodist Church,* 231 W. Va. at 428, 745 S.E.2d at 466 ("[T]he interpretation of a deed, which is not dependent upon extrinsic evidence, is a question of law for a court and not a jury.");

5

*Kopelman & Assoc., L.C. v. Collins*, 196 W. Va. 489, 493, 473 S.E.2d 910, 914 (1996) ("[A]lthough the plaintiff enjoys the benefit of all inferences that plausibly can be drawn from the pleadings, a party's legal conclusions, opinions, or unwarranted averments of fact will not be deemed admitted."); Syl. Pt. 5, *Davis Colliery Co. v. Westfall,* 78 W. Va. 735, 90 S.E. 328 (1916) (stating that "[w]here the right of a party to recover, in ejectment, depends solely upon the construction of his deed, in the light of the undisputed facts, the question is one of law for the court, and not one of fact for the jury."). Thus, based upon all of the above, we conclude that the circuit court did not err in determining that the subject deed did not reserve or except any of the coal, oil, gas, or minerals underlying the sixty-acre parcel, and that, because petitioners do not own the oil and gas, they have no standing to bring any of the claims alleged in their amended complaint.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 11, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker